# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KENNETH W. HATLEN,

    *Petitioner*,

vs.

STATE OF NEVADA,

    *Respondent*.

2:13-cv-00771-APG-NJK

ORDER

This matter comes before the Court for initial review. Petitioner, a Nevada state inmate, presented an initial filing styled as a motion for appeal, seeking to appeal to this Court a decision of the Supreme Court of Nevada affirming his conviction on direct appeal.

Petitioner's filing is subject to multiple defects.

First, petitioner did not pay the filing fee, and he did not file an application to proceed *in forma pauperis*. Under 28 U.S.C. § 1914(a), the filing fee for "any civil action, suit or proceeding . . . whether by original process, removal or otherwise," except for an application for a writ of habeas corpus, is $350.00. Petitioner did not file an application for a writ of habeas corpus in this Court; he filed a motion for appeal. The filing fee therefore is $350.00. Moreover, the payment of the $350.00 filing fee is subject to the requirements of the Prisoner Litigation Reform Act in 28 U.S.C. § 1915, including the requirement that petitioner pay the full $350.00 fee in installments even if he currently is not able to pay the entire fee.

Second, this Court does not have jurisdiction over an action brought against the State of Nevada. The state sovereign immunity recognized by the Eleventh Amendment bars suit

1  against the State in federal court, regardless of the relief sought.  *See, e.g., Pennhurst State*
2  *School & Hospital v. Halderman*, 465 U.S. 89, 100-01 (1984).
3  　　　　Third, this Court does not have appellate jurisdiction over the Supreme Court of
4  Nevada.  *See, e.g. Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*,
5  334 F.3d 895, 898 (9th Cir. 2003).  In filing a motion seeking to appeal an order of the state
6  supreme court, petitioner unquestionably is seeking to invoke appellate jurisdiction by the
7  federal district court over the state supreme court.  This Court does not have such jurisdiction.
8  　　　　Given the multiple substantial defects presented, the action will be dismissed without
9  prejudice.  A dismissal without prejudice neither would result in a promptly filed and properly
10 commenced new action being untimely nor result in other substantial prejudice.  The papers
11 presented reflect that petitioner's conviction was affirmed on September 13, 2012, such that
12 substantial time currently remains in the one-year limitation period for filing a federal habeas
13 petition.  Moreover, there are no claims asserted in the motion for appeal for relation back of
14 claims.  Petitioner remains responsible for calculating the running of applicable state and
15 federal limitations periods, exhausting state judicial remedies, and otherwise seeking
16 appropriate relief in the proper court.  Petitioner's bare assertion that he must have counsel
17 because of mental illness is belied by his *pro se* filings in other pending actions in this Court.
18 　　　　IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice
19 for lack of jurisdiction over the subject matter.  This action is closed, and petitioner must
20 pursue any further requests for relief in a new action under a new docket number.
21 　　　　The Clerk of Court shall send petitioner two copies of a § 2254 noncapital petition form,
22 one copy of the instructions for same, and one copy of the papers that he filed.
23 　　　　The Clerk shall enter final judgment accordingly, dismissing this action without
24 prejudice.
25 　　　　DATED: May 20, 2013.

　　　　　　　　　　　　　　　　　　　　　　　　　　ANDREW P. GORDON
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge